NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1913
_____

PATRICK F. STEWART,
Appellant

v.

KIP MOSTOWY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-18-cv-00372)
District Judge:  Hon. Cathy Bissoon
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 13, 2020

Before:  JORDAN, GREENAWAY, JR., and KRAUSE, *Circuit Judges.*

(Filed: January 16, 2020)
_____

OPINION*
_____

_____

  * This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Appellant Patrick Stewart challenges the District Court's dismissal of his lawsuit under the Fair Labor Standards Act ("FLSA") and Pennsylvania's Wage Payment and Collection Law ("WPCL"). The District Court dismissed Stewart's claims on two independent grounds: his failure to state a claim upon which relief could be granted and his apparent attempt to circumvent an order of the Court in a related case by engaging in "claim-splitting." On appeal, Stewart contests only the District Court's claim-splitting determination, and in doing so has forfeited his right to challenge the Court's separate and sufficient holding that his claims fail on the merits. Accordingly, we will affirm.

I.    **BACKGROUND**

Until December 2016, Stewart was employed by non-party Andritz Herr-Voss Stamco ("Andritz" or "the company") as a plant manager. Appellee Kip Mostowy is the President of Andritz. In 2016, the company began the process of consolidating the plant that Stewart managed with another Andritz plant. Another individual was named manager of the combined plant and Andritz terminated Stewart's employment.

In August 2017, Stewart filed suit against Andritz (but not Mostowy) in the District Court asserting a single claim for age discrimination (the "*Andritz* Litigation"). Approximately six months later, Stewart moved for leave to file an amended complaint. Stewart's proposed amended complaint included a claim for unlawful retaliation under the FLSA and a claim for violation of the WPCL. Stewart based his FLSA retaliation claim on allegations that Andritz had wrongfully stopped paying him overtime in 2012, and that his complaints about that stoppage and persistent requests to be paid overtime

2

compensation thereafter resulted in his December 2016 termination. His WPCL claim similarly was premised on the company wrongfully denying him overtime compensation, as well as its allegedly improper refusal to pay him performance-based "Incentive Pay" that he had earned. (App. at 357-59.) With one exception not relevant to this appeal, the District Court denied Stewart's motion for leave to amend, concluding that Andritz would be prejudiced by Stewart's untimely proposed amendments. The parties to that case eventually entered a stipulation of dismissal.

A week after he was denied leave in the *Andritz* Litigation, Stewart initiated the present case against Mostowy (but not Andritz), also in the District Court. Stewart's first amended complaint, his operative pleading in this case, asserts only two claims: unlawful retaliation under the FLSA and violation of the WPCL. Those two claims are nearly identical to the FLSA and WPCL claims that Stewart was denied leave to add in the *Andritz* Litigation, the only significant distinction being the targeted defendant – Andritz in the previous case and Mostowy in this one.

Mostowy moved to dismiss Stewart's first amended complaint, contending that Stewart's allegations failed to state a claim upon which relief could be granted. Specifically, Mostowy argued that Stewart did not allege a causal connection between his purportedly FLSA-protected activity (i.e., complaining about being denied overtime compensation) and the termination of his employment with Andritz in December 2016. Mostowy further urged that Stewart's WPCL claim failed because such a claim must be based on a contractual right to wages and Stewart did not allege adequately a contractual entitlement to either overtime compensation or incentive pay. In response, Stewart filed

an extensive merits-based opposition, describing both the legal basis for his claims and the factual allegations in the first amended complaint supporting those claims.

After considering the parties' briefing, the District Court granted Mostowy's motion. It did so for two reasons. First, the Court, without analysis, "adopt[ed], and incorporat[ed] by reference" the "arguments and analyses for dismissal" made pursuant to Federal Rule of Civil Procedure 12(b)(6) set forth in Mostowy's motion. (App. at 8.) Second, the Court said that Stewart's suit against Mostowy constituted "an attempted end-run around the Court's denial of leave to amend" in the *Andritz* Litigation by engaging in improper "claim-splitting," and that dismissal was "a necessary result" because a "contrary ruling would send [the] unacceptable message" that a litigant could avoid an order denying leave to amend by asserting the rejected claims in a new lawsuit. (App. at 8-9.) Accordingly, the Court dismissed Stewart's case against Mostowy in its entirety.

Stewart timely appealed that dismissal order. In his opening appellate brief, he challenged only the District Court's claim-splitting basis for dismissing his claims; he made no argument with respect to the Court's independent decision to dismiss his claims on the merits. Mostowy highlighted this failure, and the potential consequences thereof, in his answering brief. Stewart did not file a reply brief.

## II.    DISCUSSION[1]

"[U]nder Federal Rule of Appellate Procedure 28(a)(3) and (5) and Third Circuit Local Appellate Rule 28.1(a), appellants are required to set forth the issues raised on appeal

---

[1]    The District Court had jurisdiction pursuant to 28 U.S.C § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291. "We exercise plenary review over a district

4

and to present an argument in support of those issues in their opening brief." *Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993). "It is well settled that if an appellant fails to comply with these requirements on a particular issue, the appellant normally has abandoned and waived that issue on appeal and it need not be addressed by the court of appeals." *Id.* As already noted, the District Court dismissed Stewart's amended complaint both on the merits and on the separate ground that the complaint constituted an effort to engage in improper claim-splitting. Neither Stewart's statement of issues nor the argument portion of his opening brief contain any reference to, or argument regarding, the Court's merits-based dismissal. Accordingly, he has failed to preserve that issue for appeal and has forfeited his right to challenge that aspect of the District Court's dismissal order. *Kost*, 1 F.3d at 182.[2] Moreover, because Stewart has failed to contest an independent, individually sufficient basis for the Court's order, that order must be affirmed.[3] *See Nagle v. Alspach*,

---

court's grant of a motion to dismiss pursuant to Rule 12(b)(6)." *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012).

[2]  It gives us pause that the District Court adopted Mostowy's Rule 12(b)(6) arguments without providing some analysis to show that it exercised independent judicial review before doing so. We again emphasize "that a district court's verbatim adoption of a party's proposed findings of fact and conclusions of law" is generally disfavored, and, in the rare cases when it may be appropriate to do so, such adoption should be supported by "evidence in the record demonstrating that the district court exercised 'independent judgment[.]'" *In re Cmty. Bank of N. Virginia*, 418 F.3d 277, 300 (3d Cir. 2005).

[3]  Judge Greenaway concludes that the District Court's statement adopting Mostowy's arguments is not a separate basis for the District Court's decision granting the motion to dismiss because, as he sees it, that statement lacks any indicia of the independent judgment required by our jurisprudence and, more important, was not the stated basis for granting the motion. *See Bright v. Westmoreland Cty.*, 380 F.3d 729, 732 (3d Cir. 2004) ("Judicial opinions are the core work-product of judges. … When a court adopts a party's proposed opinion as its own, the court vitiates the vital purposes served by judicial

5

8 F.3d 141, 143 (3d Cir. 1993) ("Because the plaintiffs have not contested two of the four independent grounds upon which the district court based its grant of summary judgment, each of which is individually sufficient to support that judgment, we must affirm.").

## III.    CONCLUSION

For the foregoing reasons, we will affirm the order of the District Court.

---

opinions."). Since the District Court failed to issue a decision on the merits of the motion to dismiss, Judge Greenaway concludes that Stewart could not have waived a challenge to what he views as a non-existent decision. Instead, Judge Greenaway would affirm the District Court's decision on the claim-splitting issue.